UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
99 AUG -4 PM 3:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

CONNELL YARBROUGH, et al.,           ]
                                     ]
  Plaintiffs,                        ]
                                     ]
vs.                                  ]   CV 98-N-2171-NE
                                     ]
MARCRUM MANAGEMENT                   ]
COMPANY,                             ]
                                     ]   ENTERED
  Defendant.                         ]   AUG 0 4 1999

**Memorandum of Opinion**

In this action, the plaintiffs, Connell Yarbrough and Gregory Kuszynski,[1] seek redress pursuant to the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201-219, on behalf of themselves and a class of other employees similarly situated. Specifically, the plaintiffs claim that as maintenance workers employed by the defendant Marcrum Management Company (hereinafter "Marcrum"), they were required to work in excess of 40 hours per week and were not paid overtime compensation. The court presently has for consideration a motion to certify class and send opt-in notices filed by the plaintiffs on May 17, 1999, and a motion to strike class allegations, filed by the defendant on September 18, 1998. The motions have been briefed and are now ripe for decision. Upon due consideration, plaintiffs' motion will be granted in part and defendant's motion will be denied.

In the complaint filed in this action, the plaintiffs allege that Marcrum "employed and continues to employ the plaintiffs and others similarly situated for hours worked in excess

---

[1] At the time the complaint in this action was filed, Dewayne Thompson was also a named plaintiff. His claims against the defendant have since settled.

of forty (40) hours in a workweek and failed and refused to compensate them for such time worked in violation of the provisions of 29 U.S.C. § 206(a) and 207(a)." *Complaint* ¶ 13. They also assert that the defendant "deliberately or in reckless disregard of the [FLSA] wilfully failed to pay wages due and lawfully owed to the plaintiffs and others similarly situated." *Id.* ¶ 15. Plaintiffs Yarbrough and Kuszynski have brought this claim on behalf of themselves and others similarly situated to remedy alleged violations of the overtime compensation provisions of the FLSA. Plaintiffs seek class certification pursuant to § 216(b) of the FLSA, which provides:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.... An action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

Section 216(b) of the FLSA permits a plaintiff to bring an action on behalf of himself and others similarly situated so long as the similarly situated plaintiffs "opt in" to the action. Although a district court may authorize the sending of notice to potential class members in an action brought pursuant to § 216(b) of the FLSA, *see Hoffmann-La Roche Inc. v. Sperling*,

2

493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989),[2] authorization must be reserved for appropriate cases. *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983). According to the Eleventh Circuit, "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The burden of demonstrating the existence of such persons rests with the plaintiffs. *Haynes*, 696 F.2d at 887.

The first question the court must answer is whether the original plaintiffs and the potential opt-in plaintiffs are similarly situated. *See Dybach*, 942 F.2d at 1567. Plaintiffs bear the burden, though not a heavy one, to establish that they and the class they wish to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096-97 (11th Cir. 1996). This burden may be met by detailed allegations supported by affidavits. *Id.* at 1097.

In the present case, the plaintiffs seek to send opt-in notices to a class of all current and former maintenance employees at apartment complexes managed by the defendant. These employees, according to the plaintiffs, have been subject to a "widespread, unwritten, and implemented policy" of either allowing compensatory time in weeks following weeks in which employees worked in excess of 40 hours or not compensating

---

[2] *Hoffmann-La Roche,* like other cases cited in this opinion, involved a class action under the Age Discrimination in Employment Act (ADEA), brought as a § 216(b) action pursuant to the ADEA's express statutory adoption of § 216(b) of the FLSA.

3

employees for overtime hours at all. Marcrum contends that the plaintiffs have failed to demonstrate that the maintenance employees at Marcrum apartment complexes have, as a general matter, been denied overtime compensation. The employees who plaintiffs are trying to represent, argues the defendant, are or were employed at different facilities and supervised by different managers.

In support of their motion, plaintiffs have submitted depositions and affidavits of various current and former maintenance employees of Marcrum who claim that they have been denied overtime compensation. These employees include: (1) John Kuszynski, who worked primarily at Marcrum's Hermitage Hills site in Florence, Alabama, and was supervised by Lydia Jordan; (2) Connell Yarbrough, who worked at Marcrum's Bonnie Doone facility in Athens, Alabama, and was supervised by Pamela Rushing; (3) DeWayne Thompson, who worked at Marcrum's Alta Vista complex in Dothan, Alabama, and was supervised by Angela Steele; (4) Mike Phillips, who worked at Marcrum's Pinebrook apartments in Hoover, Alabama, and was supervised by Teresa Kines; (5) Tim Wise, who worked at the Alta Vista apartments and was supervised by Barbara Swain; (6) Duke Bozarc, who was employed at the Bonnie Doone apartments and was supervised by Angela Steele; (7) James Pepper, Jr., who was employed at the Alta Vista apartments and was supervised by Barbara Swain; and (8) David Foster, who worked at the Bonnie Doone and Alta Vista complexes. The plaintiffs have also submitted an affidavit from Cheryl Emmerke, who worked as an assistant manager at Marcrum's Pinebrook and Vestawood apartment complexes, in which Emmerke states that maintenance employees who worked overtime were given "comp time" either during the week they worked their overtime or during the

following week depending on "how busy we were at the time." *Emmerke Aff.* ¶ 10. Finally, the plaintiffs have recently submitted further materials in support of their motion.[3] Included among these documents is the deposition testimony of Rebecca Lord, the Marcrum employee in charge of payroll for the company, in which Lord apparently states that her understanding of the overtime policy differed in part from Marcrum's written policy. *Lord Depo.* at 21-29, 42-44.

The court is persuaded that plaintiffs have met their burden of "demonstrating a reasonable basis for crediting their assertions that aggrieved individuals existed in the broad class" they have proposed. *Haynes,* 696 F.2d at 887. Plaintiffs have made "substantial allegations and provided evidentiary support" for their contention that they have been subjected to a widespread policy of denying or delaying overtime compensation to the maintenance workers employed at its apartment complexes in the Northern District of Alabama. *See Grayson,* 79 F.3d at 1097. That class will therefore be conditionally certified. Although Marcrum contends that the putative class members are not similarly situated, the arguments advanced to support that contention—which are primarily directed at the merits of the individuals' claims—are better reserved for a motion to "decertify" the class after further discovery has been completed. *See, e.g., Harper v. Lovett's Buffet, Inc.,* 1999 WL 39142, at *7 (M.D. Ala. Jan. 25, 1999) (citing *Harrison v. Enterprise Rent-A-Car Co.,* 1998 WL 422169, at *3 (M.D. Fla. Jul. 1, 1998)).

---

[3] These materials are in the form of exhibits to plaintiffs' Motion to Supplement Motion to Certify Class and Send Opt-In Notices, filed on July 20, 1999. Though recognizing the limited value of the materials, the court will allow the supplementation.

Accordingly, plaintiffs will be authorized to give notice of this lawsuit by mail to a class of persons consisting of current or former non-exempt maintenance employees of Marcrum Management Company who are or were employed at an apartment complex located in the Northern District of Alabama within the three years preceding the filing of this lawsuit. Within 30 days of the date upon which this order is entered plaintiff's counsel shall submit to the court a proposed plan for giving such notice and filing such opt-ins with the court, together with a proposed notice for approval by the court.

A separate order, consistent with this opinion, will be entered herewith.

Done, this 4th of August, 1999.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE